FILED
United States Court of Appeals
Tenth Circuit

May 21, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COREY WAYNE KILGORE,

    Defendant - Appellant.

No. 20-5059
(D.C. No. 4:20-CR-00015-GKF-1)
(N.D. OK)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **SEYMOUR** and **BRISCOE,** Circuit Judges

Corey Wayne Kilgore entered a conditional guilty plea for violating 18 U.S.C.

§§ 2252(a)(2) and (b)(1), Distribution and Receipt of a Visual Depiction of a Minor

Engaged in Sexually Explicit Conduct. He preserved this appeal from the district court's

denial of his motion to suppress. We affirm.

## Facts

On January 7, 2020, the Tulsa Police Cyber Crimes Unit obtained a warrant to

search Mr. Kilgore's home in Rogers County. The search warrant was initiated based on

a tip from Homeland Security Investigations agents who learned that IP addresses

assigned to Mr. Kilgore had been used to upload two images of child pornography

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

through a social messaging application called Kik. A criminal history check revealed that Mr. Kilgore was a registered sex offender, having previously been convicted of a crime involving child pornography, and that he had recently moved to an address in Rogers County, Oklahoma. The affidavit in support of the search warrant offered the foregoing facts as probable cause for issuing the search warrant.

The warrant was executed by detectives on January 9, 2020. Detectives knocked on Mr. Kilgore's door and, when he answered, they explained that he was not under arrest and that he did not have to talk to them. A consensual interview followed, during which Mr. Kilgore ultimately admitted that he had used the Kik application to send and receive messages containing images of child pornography.[1] Thereafter, a federal grand jury charged Mr. Kilgore with distribution and receipt of child pornography. Mr. Kilgore moved to suppress all evidence and statements obtained through the search of his home, challenging the sufficiency of the affidavit. The district court denied that motion and this appeal followed.

## Standard of Review

When reviewing a district court's denial of a motion to suppress, the court's factual findings are reviewed for clear error and the evidence is considered in the light most favorable to the government. *United States v. Perrine*, 518 F.3d 1196, 1201 (10th Cir. 2008). Determinations relating to the sufficiency of a search warrant are

---

[1] The discussion with the detective at Mr. Kilgore's home was recorded and submitted as evidence in support of the government's Response in Opposition to Motion to Suppress. *See* Government's Exhibit 1, Rec., vol. I at 42.

conclusions of law, which are reviewed de novo. *Id.* Determinations of probable cause by a judge are not reviewed de novo. Such decisions are instead entitled to great deference, and the reviewing court "need only ask whether, under the totality of the circumstances, the [issuing] judge had a substantial basis for determining that probable cause existed." *Id.* (quoting *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004)).

## Analysis

Mr. Kilgore raises two viable issues on appeal.[2] First, that the affidavit failed to establish probable cause and, second, that the affidavit failed to establish a sufficient nexus between the crime and his new address.

Mr. Kilgore first argues that the affidavit was insufficient to establish probable cause because it described the images as "child exploitation" instead of "child pornography."[3] But, as the district court subsequently explained, "in [its] experience" the term "known image of child exploitation," which was used several times in the

---

[2] Because we conclude it was not error for the district court to determine that the affidavit was sufficient to establish probable cause, we do not reach the third issue relating to whether, in the absence of probable cause, the good faith exception applies.

[3] In support of this argument, Mr. Kilgore relies heavily upon *United States v. Edwards*, 813 F.3d 953 (10th Cir. 2015). The district court distinguished that case in its order denying the motion to suppress by highlighting the fact that Mr. Edwards was not a convicted sex offender and that he was alleged to have possessed "child erotica" (which includes a separate category of material that is legal to possess). Rec., vol. I at 57-60. Here, Mr. Kilgore had both a prior conviction as a sex offender involving child pornography (for which he is still registered as a sex offender) and possessed photographs depicting "child exploitation." When considered together, in this case, these facts established probable cause for the warrant.

affidavit for search warrant, referred to the "government's files of child porn that are maintained by law-enforcement authorities." Rec., vol. II at 9. The district court simply noted that the term "child exploitation" has a specific meaning in the context of child pornography.

For the purposes of issuing a search warrant, a finding of probable cause relates to the degree of suspicion created by the government's evidence. All that was required was a substantial basis for concluding there was a "fair probability" that evidence of criminal activity would be found in Mr. Kilgore's home. *United States v. Barajas*, 710 F.3d 1102, 1108 (10th Cir. 2013) (citation omitted). "Courts should not invalidate a warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *Id.* at 1109 (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965). It was not clear error for the district court to find that the terms "child exploitation" and "child pornography" are used interchangeably by law enforcement in the context of child pornography.

The affidavit in support of the search warrant contained sufficient information linking Mr. Kilgore to the receipt and distribution of child pornography. The affidavit specified that IP addresses assigned to Mr. Kilgore's had been linked to images of child

exploitation, identified him as a convicted sex offender (child pornography),[4] and stated that he was currently registered at a new address in Rogers County which was the subject of the warrant. When considered together these facts established probable cause for the warrant.

With respect to whether the affidavit established a sufficient nexus between the crime and the new address, Mr. Kilgore argues that the images were uploaded when he lived at a previous address and that there was no nexus between the crime and his current address, which was the target of the warrant. In response to this, the district court cited *United States v. Potts*, 586 F.3d 823, 829 (10th Cir. 2009), and noted there is no requirement that the affidavit contain "direct evidence that contraband is in the place to be searched." Rec., vol. I at 52. The court further explained that determining whether a sufficient nexus exists between suspected criminal activity and a residence depends on the facts, including the type of crime, the opportunity to conceal evidence, the type of evidence, and reasonable inferences about where a person would likely keep that evidence. *Id*. The court found that "the affidavit provided a sufficient nexus between the defendant's suspected criminal activity and his new address," noting that "'images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes.'" *Id*. (quoting *United States v. Haymond*, 672 F.3d 948, 959

---

[4] Mr. Kilgore contends the affidavit lacked information which would establish whether the prior conviction was stale. But our caselaw counters the argument that an undated conviction for possession of child pornography cannot be used to support a search warrant for child pornography. *See United States v. Perrine*, 518 F.3d 1196, 1205-06 (10th Cir. 2008) (citing cases).

(10th Cir. 2012); *see also Perrine*, 518 F.3d at 1206.   Based on the foregoing, the district court reasonably concluded that because Mr. Kilgore possessed child pornography on his personal computer at his previous residence, it was likely he would have maintained that material on his personal computer when he moved.   Thus, the affidavit provided a sufficient nexus between Mr. Kilgore's suspected criminal activity and his new residence.

Viewing the totality of the evidence in a light most favorable to the government, we are not persuaded that the district court erred in denying the motion to suppress. Accordingly, we affirm.

Entered for the Court


Stephanie K. Seymour
Circuit Judge
